Dear Dr. Mallory:
This opinion is in response to your question asking:
 "At the annual school election at which two directors are to be elected, how should the matter be resolved if one person is clearly elected but two candidates receiving the next highest number of votes receive an equal number of votes?
 "Previous to the enactment of the Comprehensive Election Act of 1977, this office answered inquiries following each annual election by referring to the opinion from your office issued to Sturgis dated 5/31/55, but Section 115.517(3) appears to invalidate that opinion."
Subsection 3 of Section 115.517 of the Comprehensive Election Act of 1977, provides:
 "If two or more persons receive an equal number of votes for nomination or election to any office not otherwise provided for in section 115.515 or this section, and a higher number of votes than any other candidate for nomination or election to the same office, the officer with whom such candidates filed their declarations of candidacy shall, immediately after the results of the election have been certified, issue a proclamation stating the fact and ordering a special election to determine which candidate is elected to the office. The proclamation shall set the date of the election and shall be sent by the officer to each election authority responsible for conducting the special election. In his proclamation, the officer shall specify the name of each candidate for the office to be voted on at the election, and the special election shall be conducted and the votes counted as in other elections."
In our Opinion No. 228-1977, this office concluded that the Comprehensive Election Act repealed by implication contrary provisions of Section 247.180, RSMo Supp. 1976, relating to water district elections and Section 190.055, RSMo Supp. 1975, relating to ambulance district elections. A copy of that opinion is enclosed.
We believe that the reasoning in that opinion is applicable to the question you present. Therefore, inasmuch as school elections come within the provisions of the Comprehensive Election Act, it is our view that subsection 3, quoted above, is applicable to such elections. Therefore, a tie vote would require a special election.
Our previous Opinion No. 86, dated May 31, 1955 to Sturgis, was prior to the enactment of the Comprehensive Election Act and is therefore withdrawn.
CONCLUSION
It is the opinion of this office that subsection 3 of Section 115.517 of the Comprehensive Election Act of 1977, which requires a special election in case of a tie vote, is applicable to annual school elections at which directors are elected.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Op. No. 228-1977